**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re* SARAH LA HO | No. 25-mc-54 |
| SARAH LA HO,<br>Petitioner,<br>v.<br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br>Respondent. | **MEMORANDUM ORDER** |

**CECCHI, District Judge.**

Before the Court is Sarah La Ho's ("Petitioner") motion for amendment of her naturalization certificate. ECF No. 1; *see* ECF No. 1-1 ("Moving Br."). The United States Citizenship and Immigration Services ("USCIS") "takes no position as to Petitioner's motion." ECF No. 4. The Court decides Petitioner's motion without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, the Court will grant Petitioner's motion.

Petitioner was born in Vietnam and came to the United States with her family after the fall of Saigon. Moving Br. at 2–3; *see also id.* at 3 ("When the Communists took over South Vietnam on April 30, 1975, they immediately arrested Petitioner's father at his office and imprisoned him in a re-education camp for six months."); ECF No. 1-2, Ex. 2 ¶¶ 9–29. Petitioner was paroled as a refugee on September 20, 1979; gained legal permanent resident status on October 26, 1981; and became a naturalized citizen on March 19, 1985. Moving Br. at 4.

Petitioner's documents record her birthday as March 12, 1966. *See id.* at 4–5 (citing ECF No. 1-2, Exs. 3–5). According to Petitioner, however, she was born on August 13, 1963. *Id.* at 2 (citing ECF No. 1-2, Ex. 1). Petitioner states that this error stems from a combination of factors. For instance, she states that when her family arrived in the United States (by way of Malaysia),

her family received I-94 travel documents, which listed the incorrect birthday for her and many of her family members. *Id.* at 4–5. However, because nobody in her family spoke English, the family was unable to correct these errors. *Id.* Moreover, Petitioner states that during her family's escape from Vietnam, the boat on which her family traveled was "so severely damaged that it began to sink before they reached the shores of Malaysia" and then "sank with all of their belongings on it," including their "vital [personal] documents" (*e.g.*, birth certificates). *Id.* at 3. Because Petitioner's family did not have access to these personal documents, she states that she was unable to correct her birthday on her green card and naturalization documents. *Id.* at 4–5.

Petitioner states that, around 2007, her father "went back to Vietnam" and was able to "obtain[] . . . legal proof of her actual date of birth," August 13, 1963, in the form of a birth certificate. *Id.* at 5. Petitioner now asks the Court "to correct a mistake made 40 years ago, through no fault of her own, as she was a minor, so that she may rectify the record." *Id.* at 6.

Federal law—specifically the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1421(a)—vests "'sole authority' over naturalization of persons as citizens in the Executive Branch." *In re La* ("*La*"), No. 23-MC-33, 2023 WL 8189337, at *3 (D.N.J. Nov. 27, 2023). Accordingly, "[w]here the USCIS has issued a naturalization certificate, a federal court lacks subject matter jurisdiction to amend it." *Id.* However, "the federal courts retain jurisdiction to modify a court-issued certificate of naturalization issued prior to the passage of the INA." *Id.* at *4 (citing *Collins v. U.S. Citizenship & Immigr. Servs.*, 820 F.3d 1096, 1100 (9th Cir. 2016), and *Sinha v. U.S. Citizenship & Immigr. Servs.*, No. 10-215, 2011 WL 4594144, at *2 (D.N.J. Sept. 30, 2011)). Therefore, because Petitioner received her certificate of naturalization from this Court in 1985, years before Congress passed the INA, the Court has jurisdiction over her motion. *Id.*; *see* ECF No. 1-2, Ex. 4.

To modify the birthday listed on a certificate of naturalization, the petitioner "bears the burden to demonstrate that the birth date on his Certificate of Naturalization is incorrect." *Sinha*, 2011 WL 4594144, at *2. Courts are generally "resistant to changing birth dates for any reason other than clerical error on the part of U.S. officials." *La*, 2023 WL 8189337, at *4 (citation omitted). However, "even in the absence of a clerical error, courts in this District have contemplated amending the date of birth on a certificate 'where the [petitioner] provides unequivocal evidence as to his true date of birth or where there is no evidence of fraud and no prejudice results to the government.'" *Id.* (citation omitted).

The Court finds Petitioner's uncontested evidence—including her birth certificate and evidence related to her family's remarkable journey—sufficient to establish that her certificate of naturalization should be amended.[1] *Id.* at *5; *see* ECF No. 1-2, Exs. 1–5. Among other things, Petitioner has provided an official birth certificate from Vietnam, which lists her birthday as August 13, 1963. ECF No. 1-2, Ex. 1; *see Hue Ly La*, 2024 WL 4136485, at *4; *La*, 2023 WL 8189337, at *5. She has also put forth sufficient evidence to show that the existing error on her certificate of naturalization is not the result of fraud or other misconduct. *Hue Ly La*, 2024 WL 4136485, at *4. For example, Petitioner asserts that her original birth certificate was lost during her family's chaotic journey by sea, *see* ECF No. 1-2, Ex. 2 ¶¶ 8–22, and "[o]ther courts have found an absence of fraud in similar circumstances," *Hue Ly La*, 2024 WL 4136485, at *4 (collecting cases). And concerning prejudice to the Government, the Court (1) notes that the USCIS does not oppose Petitioner's motion to amend, ECF No. 4, and (2) does not see how amendment would prejudice the Government in any way. *Hue Ly La*, 2024 WL 4136485, at *5;

[1] The Court notes that Petitioner's motion is essentially identical to the motions granted by the Court in *In re Hue Ly La* ("*Hue Ly La*"), No. 23-MC-34, 2024 WL 4136485 (D.N.J. Sept. 9, 2024), and *La*, 2023 WL 8189337. Ms. Hue Ly La is Petitioner's relative and Ms. Catherine Tina La is Petitioner's sister. *See* Moving Br. at 5–6.

*see also La*, 2023 WL 8189337, at *6 ("The Court finds, and the United States points to, no reason to doubt Petitioner's declaration that she has not received any benefit from the United States government by using the incorrect date of birth.").

Accordingly, **IT IS** on this 9th day of October 2026,

**ORDERED** that Petitioner's motion for amendment of her naturalization certificate (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Petitioner's certificate of naturalization shall be amended to reflect Petitioner's true date of birth, August 13, 1963. *See* ECF No. 1-2, Ex. 1; and it is further

**ORDERED** that Petitioner shall file a Form N-565, Application for Replacement Naturalization/Citizenship Document, in accordance with USCIS's instructions. *See* N-565, Application for Replacement Naturalization/Citizenship Document, U.S. Citizenship & Immigr. Servs., https://www.uscis.gov/n-565. To the extent practicable, Petitioner shall attach a copy of this Memorandum Order to her application; and it is further

**ORDERED** that the Office of the Clerk of the Court shall serve a copy of this Memorandum Order on the District Director of the USCIS at Peter Rodino Federal Building, 970 Broad Street, Newark, New Jersey 07102 by regular U.S. mail; and it is finally

**ORDERED** that the Office of the Clerk of the Court is directed to close this matter.

**SO ORDERED**.

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**